proceed to the third case, Builders Bank v. FDIC. Mr. Grossman. Good morning. May it please the court. My name is Richard Grossman. I represent the plaintiff, Builders Bank. This case comes here on appeal of the District Court's grant of a motion to dismiss for lack of subject matter jurisdiction. The bank believes that this ruling was wrong and for the following reasons. The lynchpin of the District Court's decision is its holding that subject matter jurisdiction over the bank's complaints was withdrawn by the other than money damages provision in the second sentence of 702 in the APA. But under Califano v. Sanders and its progeny, section 702 does not reach, of course, and cannot withdraw, therefore, subject matter jurisdiction. As this court has said, and other courts have said ad nauseum, 702 does not reach subject matter jurisdiction. In fact, the sole function of the second sentence of section 702 is to provide a waiver of sovereign immunity. As I understand the district judge's ruling, it was a mootness ruling based on the failure of redressability because the bank is no longer a bank. It's now been merged with an LLC. And so an adjusted Camels rating wouldn't make any difference. So there's nothing the court can order that would bring... Yes. I mean, I think that's what the judge said. That's what the judge... the judge ruled that it was moot under section 702. That's really what she said. But for failure of redressability because of the merger and the fact that the bank no longer exists as a bank. That may be right or wrong, but that's what I understand the ruling to be. So it's sort of a jurisdictional ruling, not of the drive-by sort. You can have subject matter jurisdiction and then lose it if the case becomes moot. And so you're asking about the mootness issue. And if that's your question, I can address it. Right, but as I understood the argument that you were launching into, it was that this was in the nature of a drive-by jurisdictional ruling. We've said over and over again that 702 is not jurisdictional, but I'm trying to clarify exactly what the nature of the ruling was, which is, I think, a mootness based on failure of redressability, based on the merger and the nonexistence of the bank as a bank. Actually, there were two. So the bank filed a complaint in which it asked for two forms of relief. One was the correction of the Camels rating. That, we feel, would lead to the conclusion that there had been an overpayment, which then leads to our second form of relief, which is a refund of the overpayment. What the court, I think, was addressing was the bank's correction remedy, in which it said that because the bank no longer functions as a bank, that form of relief would be moot. Right, and I think that's right. This is a refund claim at bottom. You've got an entitlement to a refund, or at least an arguable entitlement to a refund, based on a merits analysis, which hasn't been done yet under the FDIC statutes. Right. And that right survived the merger. And then we've got a real party and interest issue about whether we need to substitute the LLC. Which I'm prepared to address. For the bank. And then we get into the 704 question. All correct. So on the mootness issue, we believe that anything that advances our right to that refund is not moot. And I believe this court has said over and over, where you have at least some, if there's some value to a particular form of relief, then it's not moot. How can it be said that there's no value to a finding that there has been an overcharge? Okay, so let's say the mootness ruling was wrong. That gets us into the 702 question about whether a refund claim is a claim for money damages. Exactly. Because that's another grounds to kick this claim. And I believe our briefs provides ample authority for the proposition that under Bowen and its progeny, what we're asking for is not a form of substitute relief. We're asking for the thing itself. Just as in Bowen. Well, in Bowen, the state asked for a reconsideration of the, I think, the Medicaid Department's assessment, and then a refund of the money. Here we're asking for a reassessment of the CAMELS rating, and then a refund. So what we're... What do you think money damages is if this is not money damages? Well, as they said in Bowen, just because you ask for money doesn't mean it's money. No, I'm asking you what you think money damages is. Well, in money damage... On your view, is there anything that is properly classified as money damages? And if so, what is that thing? It would be money asked for as a substitute for a wrong, instead of if you have a statute that says you're owed money and you ask for that money. So if you're in a car accident and you get injured, someone writes you a check for $20,000 because of your injury, what you're getting is a substitute for the injury you've suffered. But if there was a statute that said if someone injures you, you get X number of dollars and you ask for those dollars, that's the very thing that you're asking for. And that's, again, if you look at Bowen, that's precisely what the court said. Just asking for money is not money damages. It seems, I think, I guess philosophically one might say it seems like a conundrum, but legally speaking, according to Bowen and numerous other cases, asking for money is not money damages if the money has been authorized by Congress, which it has been if you look at, I believe it's 1817 fourth, I'm sorry, 1817 E1, which says that if there's been an overpayment, the FDIC is to refund the overpayment. We're asking for that refund. So we, and I think our briefs go through, I don't know, 10 cases in which this issue is discussed and we believe we fit into the category of asking for the very thing that's provided in the law. And then what about the 704 issue about an adequate alternative remedy and here that would be a Tucker Act claim? Right, so I want to clarify the 704 argument. They say, look, the bank has even admitted that it has a cause of action for illegal exaction. Therefore, they've got an adequate remedy. But when you look at it, illegal exaction is not a remedy. Illegal exaction is a cause of action. And in fact, it's a cause of action that asks for exactly the same thing as our APA cause of action, which is a refund of the money. The statute 704 refers to remedies, not causes of action. So in this court a month ago, in a case, Middlestadt, I believe is the name of the case, says there is nothing wrong with pursuing an APA cause of action and a non-APA cause of action, both pursuing the same remedy. 704 only precludes an APA cause of action when a non-APA cause of action yields a different but adequate remedy. So that what we're talking about are remedies, not just a cause of action. You could have multiple causes of action seeking the same remedy, and that's not a problem. If you look at that Middlestadt, we cite it, and I believe it's in note 20 in that case, where the court says they had an APA cause of action. They also had a contractual cause of action, and they both sought the same relief. Now, I wanted to say that the bank's analysis in its brief, I think we also made the same mistake that the FDIC did equating a cause of action with a remedy, and we called out the Telecare case, and a footnote said we think it's in conflict with authority. But upon review, I think that that's wrong. In Telecare, they were actually seeking two different remedies. There was an injunction remedy and a monetary refund. So we don't believe Telecare actually conflicts with any of the authority. It's not an outlier. And so unless the court has further questions, I would reserve the time. Thank you, Mr. Bishop. Mr. Brooks? Good morning, Your Honors, and may it please the court. I am Joseph Brooks from the FDIC's Appellate Litigation Unit. I'd like to start with the 704 remedy issue, and I think it's important that the court understand how that issue ended up in front of this court. In its opening brief, Builders asserts that it, quote, faces a threshold requirement at the pleading stage. It must establish a cause of action, unquote.  Section 702 cannot be a dispositive bar to the bank's claims because there is an alternative non-APA source for a proper cause of action, unquote. That's the opening brief at 18. So this issue was inserted into this appeal, not by the FDIC, but rather by Builders Bank. Now, critically, critically, Builders also made the following admission, quote, an alternate cause of action wholly unrelated to the APA serves as a cause of action for the bank's claims and remedies, unquote. That's the opening brief at 31. Now, that's a binding judicial admission, Your Honors, and it's critical because under Section 704, if you have an other adequate remedy, you do not have an APA cause of action. And even if it were not a judicial admission, the Telecare case, referenced by counsel, confirms that a legal exaction claim, if it's brought under the Tucker Act, is, quote, presumptively an adequate remedy for Section 704 purposes. And I'd like to get to a point that counsel was addressing near the end of his presentation because in the Bowen case, the Supreme Court made clear that if you have a Tucker Act claim, you don't have an APA claim. I'm referring specifically to page 904, footnote 39, in which the Supreme Court said as follows, litigation in the claims court can offer precisely the kind of special and adequate review procedures that are needed to remedy particular categories of past injuries or labors for which various federal statutes provide compensation, such as, for example, Judge Sykes, the FDI statute that you referred to. The Supreme Court then goes on to say in that same footnote, managing the relationships between states and the federal government that occur over time, and that involves constantly shifting balance sheets, requires a different sort of review and relief process. The APA is tailored to fit this latter situation, the Tucker Act, the former. Now, the fact that here a Tucker Act claim can be brought in the district court because of the FDIC's sue and be sued provision does not alter the fact that Congress has provided the alternative remedy and review procedures that are required under Bowen and that are required under the other cases in the brief to have a cause of action that's alternative to Section 702, excuse me, and that therefore under Section 704 precludes an APA claim. Now, Your Honor, the only issue that really comes up at this point is what the request by builders to say, okay, mea culpa, now we can just go back to the district court and we can assert our alternative claim. Well, the answer is no, it can't, Your Honor. The time to come forward with a cause of action, as builders itself admits, was at the pleading stage. It was required to establish a cause of action. It could have at that point in time pled the alternative claim it seeks to bring here now, just as in Jackson v. Parker, the plaintiff could have pled the unreasonable detention claim in the trial court rather than waiting until it got here instead of its false arrest claim for which it lacked an element. Just like the Tumor case where in the trial court the plaintiff pled an included all the facts necessary for the proper ERISA Section 502A1B claim, you didn't raise that in response to a summary judgment. You can't bring it up here for the first time. And perhaps most closely on point, United Central Bank case, because it included also a motion to dismiss as this case does. In that case, in the district court, the plaintiff pled and sought the court held that claim was barred by firea. And not until the plaintiff as appellant arrived in this court did they argue that, well, the same facts support a conversion claim. This court said, too late. There have been no arguments made or suggested by the other side that they're entitled to claim or review. Clearly they would not be. It has not been suggested that there were any exceptional circumstances here or substantial rights affected. As this court said in the Jackson case, quote, to reverse the district court on grounds not presented to it would undermine the essential function of the district court, unquote. And in this case it would be particularly onerous, Your Honor, because two years ago we were in front of this court with this same case on a slightly different jurisdictional issue. But what happened during the appeal in that case is for the first time, for the first time a new issue was raised in a reply brief. And, of course, the FDIC moved to strike the reply brief, but we were unsuccessful. Ultimately that new issue, the issue that rather than capital adequacy, which had been the only element of a Camels rating that had been challenged up until the reply brief was filed in this court, rather than capital adequacy we were told for the first time, the bank is now challenging only the other factors, only the non-capital adequacy. And based on that, this court decided to remand the case to the district court to determine whether that was true. So once again we have builders in front of this court seeking for the first time to have a new theory, a new argument to try to extend this litigation. And the FDIC's view is it is too late in time for that. All litigation must come to an end at some point. This litigation should end here. The only thing that I would say about the Section 702 claim that isn't covered in our brief as extensively as it might have been, we, of course, did rely on the Berkins case out of the Tenth Circuit. The Berkins case is a post-Bowen case, and it is the one case in this field that I believe most closely resembles the facts in our case. What was involved there is that a military veteran had originally received an honorable discharge, and he brought an APA claim seeking to have the honorable discharge corrected, a correction remedy, to a disability discharge. And why did he want to do that? Well, the court said his primary purpose was obtaining the additional benefits that would come from such a discharge. And so the court said he was seeking money damages. He had no APA claim. So, too, here, Your Honors, and unless you have any questions, I have nothing further at this time for the court. Thank you. Thank you, Mr. Brooks. Mr. Grossman. Counsel says that we injected the legal exaction case or issue into the case. We all that was, the reason that was offered was to point out to the court that even the court had dismissed the case with prejudice. We filed a motion to reconsider pointing out that the court had dismissed the case with prejudice, but that there was, there's still even another cause of action that's conceivable. We didn't have to talk about a legal exaction at all. We just used it to point out that the case shouldn't have been dismissed with prejudice because there's still other causes of action out there. Additionally, the arguments that counsel just made were not raised below. They weren't passed upon by the court. And they even admit that arguments that aren't raised below are waived. And there's no prejudice to them. They can raise these arguments about cause of action. They're not arguing, by the way. They're two new arguments. They abandoned the district court opinion. They just, I think, realized that that was unprofitable, let's say, and they decided to offer two other new arguments. One is the 704, and they're going to raise that argument without having raised it below. They even admit that. We didn't raise it. They say, well, there are exceptions because if there's some extraordinary circumstances that advance justice, what would be an injustice here is to hold that that's the basis for dismissing this case. When they can raise those arguments about cause of action, which, by the way, is a completely different issue than subject matter jurisdiction, they can raise those below. There's nothing to prevent them from raising any theory that they want as to why this case should be dismissed. But they never talked about the ones that he just talked about. And I believe that ultimately the two arguments that they did raise after abandoning the district court opinion are unavailable. We've talked about 704, but I did want to address before I leave the 17A3 issue because the court's alternative ruling was that, well, they're not the real party in interest. But I think it's just plain from the statutory language of 17A3. 17A3 forbids a dismissal at all unless you've had an opportunity for the real party in interest. Even if Builders Bank isn't the real party in interest, you have to give the real party in interest, which would be, I presume, the LLC that the bank merged with, the opportunity to join, substitute, or ratify. The court never provided us with the opportunity. I raised that in our motion to reconsider and said I don't understand how this case can be dismissed on real party in interest. Has the buyer of these assets ever complained? No. That it wanted but lacked some opportunity to enter this litigation? It was never given the chance. It certainly has a chance. I'm just asking if it's complained. It has not. Thank you. But we think that they at least ought to be given that chance before a case gets dismissed. Unless the court has further questions. All right. Thank you, Mr. Brooks. Thank you. Thank you, Mr. Brooks. The case is taken under advisement.